**JIAXIONG LI, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–72430.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2006.*

Filed Nov. 15, 2006.

---

courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Robert A. Espinosa, Esq., Santa Fe Springs, CA, for Petitioner.

CAC–District Counsel, Esq., Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Thankful T. Vanderstar, Esq., Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Adam T. Severt, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, GOULD and CLIFTON, Circuit Judges.

## MEMORANDUM **

Jiaxiong Li, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") order denying his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir.2003), and we grant the petition for review and remand.

■ The BIA's adverse credibility determination rested on speculation that a government-owned opera company would not post bail for Li, one of its members, after he was arrested for Falun Gong activities and that Li would not be allowed to travel abroad and represent China three years after his arrest. Speculation and conjecture cannot form the basis of an adverse credibility finding, which must in-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

stead be based on substantial evidence. *See Ge v. Ashcroft,* 367 F.3d 1121, 1124–25 (9th Cir.2004) (personal conjecture about what the Chinese authorities would or would not do). *See also Marcos v. Gonzales,* 410 F.3d 1112, 1118 (9th Cir.2005) (when proffered reasons for an adverse credibility determination are insufficiently supported, the applicant is not required to provide corroboration).

 Accepting Li's testimony as credible, substantial evidence does not support the BIA's determination that the past mistreatment Li endured did not rise to the level of persecution. Li's six-to-seven day detention and two beatings, during one of which he was knocked unconscious for several hours, is abuse sufficiently extreme to compel a finding of persecution. *See Guo v. Ashcroft,* 361 F.3d 1194, 1203 (9th Cir. 2004) (a single beating, accompanied by a 15–day detention, was considered so extreme as to compel a finding of past persecution).

The BIA did not consider whether Li was targeted on account of a protected ground or whether the abuse was committed by the government or forces the government is unable or unwilling to control. *See Navas v. INS,* 217 F.3d 646, 655–56 (9th Cir.2000). We therefore remand for the BIA to determine whether these criteria are met, and if so, to accord Li a rebuttable presumption that he was a well-founded fear of persecution. *See Tawadrus v. Ashcroft,* 364 F.3d 1099, 1103 (9th Cir.2004) (internal quotation marks omitted).

On remand, the BIA should also consider Li's claim under CAT. *See INS v. Ventura,* 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

---

**PETITION FOR REVIEW GRANTED and REMANDED.**